USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/31/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

VALENTINO LOPEZ,

                Defendant.

18-CR-736-2 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Defendant Valentino Lopez ("Defendant") was charged with conspiracy to distribute and possess with intent to distribute 5 kilograms and more of cocaine, in violation of 21 USC 841(b)(1)(A) and 50 grams and more of methamphetamine, in violation of 21 USC 841(b)(1)(A). (ECF No. 2.) On August 6, 2020, Defendant pled guilty to the lesser-included offense in violation of 21 USC 841(b)(1)(B). On June 25, 2021, the Court sentenced Defendant to 60 months' imprisonment to be followed by four years of supervised release. (ECF No. 178.)

    Presently before the Court is Defendant's motion for compassionate release. (ECF Nos. 200, 201, 207, 208.) For the following reasons, Defendant's motion is DENIED.

## LEGAL STANDARD

    Under Title 18, United States Code, Section 3582, a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Application Notes state that "a court may reduce a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Hernandez*, 451 F. Supp. 3d 301, 303 (S.D.N.Y. 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)).  The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with the Commission's policy statement." *Id.* (citing U.S.S.G. § 1B1.13(2)-(3).)

The Section 3582(c)(1)(A) analysis also requires courts to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

## DISCUSSION

### I.   Extraordinary and Compelling Circumstances

Defendant avers that he suffers from asthma, acid reflex, worsening diabetes, high cholesterol, high liver enzyme level, thyroid, and headaches resulting from a head injury. (ECF Nos. 207.)  Defendant maintains that he is at an increased risk for severe COVID-19 due to his underlying medical conditions. (*Id*.)  According to the Centers for Disease Control and Prevention

("CDC"), individuals with "moderate to severe" asthma, chronic liver diseases, and diabetes may be at a higher risk for severe illness from COVID-19. Centers for Disease Control and Prevention, *Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 15, 2022).

However, as of August 15, 2022, USP Lewisburg has zero active inmate cases (out of 1,081 total inmates) and zero active staff cases. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last accessed Aug. 15, 2022). Moreover, Defendant is fully vaccinated and boosted (ECF No. 210), which further weakens his argument. *See United States v. Jaber*, No. S1 13 CR 485 (CM), 2022 WL 35434, at *2 (S.D.N.Y. Jan. 4, 2022) ("[T]he fact that a defendant is fully vaccinated weighs heavily against granting release."). The courts in this district have consistently found that the vaccines are effective against the Omicron variant. *See United States v. Farmer*, No. 19-CR-427 (LTS), 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022) ("[T]he vaccine is still highly effective at preventing death and serious injury, even against the Delta and Omicron variants"); *United States v. Orlandez-Gamboa*, 99 Cr. 654 (CM), 2021 WL 2582077, at *3 (S.D.N.Y. June 23, 2021) (finding defendant had failed to demonstrate extraordinary and compelling circumstances, even though he was in high-risk age group, because he was "fully vaccinated against COVID-19"). Courts have also noted that "recent studies have revealed that Omicron causes a less serious infection in most people, . . . while vaccination still provides excellent protection against the most severe consequences of even this new variant – death and extended hospitalization." *See, e.g., Jaber*, 2022 WL 35434, at *3.

Accordingly, Defendant has failed to show extraordinary and compelling circumstances related to his health.

**II.     Section 3553(a) Factors**

Even if Defendant could demonstrate extraordinary and compelling circumstances, the Section 3553(a) factors would nonetheless warrant denial of Defendant's motion. The Court is confident that the sentence imposed—which Defendant had not until recently served half of—remains necessary to reflect the seriousness of Defendant's offense, to promote respect for the law, and to provide just punishment.

### III. Home Confinement Request

The Court notes that on April 21, 2022, USP Lewisburg Warden Radm S. Spaulding granted Defendant's administrative remedy request for home confinement pursuant to the CARES Act. (ECF No. 207.) The Government provides that it "has conferred with BOP and understands that, because [Defendant] had not until recently served 50% of his sentence, the warden is now notifying the BOP Central Office for its review of the warden's home confinement recommendation." (Gov. Mot. At 3, ECF No. 210.)

Under 18 U.S.C. Section 3624(c)(2), the BOP has sole and exclusive discretion to determine whether to place an inmate in home confinement. *See United States v. Konny*, 463 F. Supp. 3d 402, 405 (S.D.N.Y. 2020) ("[T]he authority to place a prisoner in home confinement rests with the BOP under 18 U.S.C. § 3624(c)(2), and the discretion to make such an order lies solely with the Attorney General.") (internal citation and quotation omitted). Thus, Defendant's request for this Court to convert his sentence to home confinement is improper, and is accordingly denied.

The Government submits that "BOP has informed the Government that it could take a few weeks for the [BOP] Central Office to render a final decision on the home confinement request." (Gov. Mot. at 3.) Notwithstanding Defendant's failure to demonstrate extraordinary and compelling circumstances for compassionate release, the Court agrees with the Government that

4

"the BOP, in its discretion, may well grant the separate, pending home confinement request based on the warden's recommendation, now that Lopez has served 50% of his sentence." (*Id*. at 3.)

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Government is directed to serve a copy of this Opinion and Order on the appropriate facility, and to update the Court on or before September 16, 2022.  The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. ECF Nos. 200, 201, 207, and 208.


Dated:   August 30, 2022                                    SO ORDERED:
         White Plains, New York

                                                            _____
                                                            NELSON S. ROMÁN
                                                            United States District Judge